UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

YI SUN,

        Plaintiff,

        -v-                        1:24-CV-668

NEW YORK STATE WORKERS'
COMPENSATION BOARD *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

YI SUN
Plaintiff, Pro Se
10 East 116th Street, Apt. 3A
New York, NY 10029

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On May 15, 2024, *pro se* plaintiff Yi Sun ("plaintiff") filed this civil action alleging that defendants violated her civil rights by, *inter alia*, engaging in discrimination against her on the basis of a disability. Dkt. No. 1. Along with her complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. While this IFP Application and plaintiff's pleading were awaiting an initial review, plaintiff filed two letters seeking

"emergency" treatment, Dkt. Nos. 4, 7, and a "criminal complaint," Dkt. No. 10.  Those requests were denied on September 11, 2024.  Dkt. No. 11.

On November 7, 2024, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that plaintiff's complaint should be dismissed but that, in light of plaintiff's *pro se* status, she should be given an opportunity to file an amended pleading.  Dkt. No. 12.

Plaintiff has not filed objections, and the time period in which to do so has expired.  *See* Dkt. No. 12.  Instead, plaintiff has filed an "emergency motion for a TRO . . . to stay the last Order and Motions for Reargument" and a request for an extension of time in which to file an amended complaint.  Dkt. No. 13.  Broadly construed, plaintiff's filing indicates that her limitations have made it difficult to timely pursue these legal claims and contends that this case should only be heard by a presiding District Judge.  *Id.*

Upon review for clear error, Judge Dancks's R&R is accepted and will be adopted in all respects.  *See* FED. R. CIV. P. 72(b).  Plaintiff has a right to object to a legal or factual error in a Magistrate Judge's R&R.  But plaintiff does not have the right to object to the Magistrate Judge's involvement in civil litigation.  Accordingly, plaintiff's request for a stay and re-argument will be denied.  However, plaintiff's request for an extension of time in which to file an amended complaint will be granted, as explained below.

- 3 -

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 12) is ACCEPTED;

2. Plaintiff's request (Dkt. No. 13) is GRANTED in part and DENIED in part;

3. Plaintiff's complaint is DISMISSED <u>with leave to amend</u>;

4. Plaintiff shall have FORTY-FIVE DAYS in which to file an amended complaint;

5. If plaintiff chooses to file an amended complaint, the Clerk of the Court shall REFER this matter to Judge Dancks for an initial review; and

6. If plaintiff chooses not to file an amended complaint, at the expiration of this forty-five-day period the Clerk of the Court is directed to enter a judgment dismissing this action without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motions and set a deadline accordingly.

IT IS SO ORDERED.

Dated: November 25, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge