UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

YI SUN,

                                   Plaintiff,                    1:24-cv-0668
                                                                                  (ECC/TWD)

v.

NEW YORK STATE WORKERS' COMPENSATION
BOARD, et al.,

                                   Defendants.
_____

**Appearances:**

Yi Sun, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Pro se Plaintiff Yi Sun filed this action pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12181, et seq. ("ADA") and sought leave to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 2. This matter was referred to Magistrate Judge Thérèse Wiley Dancks who, on November 7, 2024, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed with leave to amend. Dkt. No. 12. On November 25, 2024, U.S. District Judge David N. Hurd[1] accepted Judge Dancks's recommendation and ordered that Plaintiff's complaint be dismissed with leave to amend. Dkt. No. 14. Plaintiff filed an Amended Complaint on January 12, 2025. Dkt. No. 19. Upon initial review of the Amended Complaint, Magistrate Judge Dancks issued a Report-Recommendation,

---

[1] This matter has since been reassigned to the undersigned. Dkt. No. 15.

recommending that Plaintiff's Amended Complaint be dismissed. Dkt. No. 22. Plaintiff filed objections to the Report-Recommendation. Dkt. No. 26.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2 (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

## III.    DISCUSSION

Magistrate Judge Dancks noted that the thirty-eight page typed, single spaced Amended Complaint, which is "rambling, confused, and teeming with irrelevant factual digressions and improper legal argument," fails to comply with the basic pleading requirements set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure, is frivolous, and fails to state a claim upon which relief may be granted even when read liberally. Dkt. No. 22 at 5-7, 11. While Magistrate Judge

2

Dancks noted that the "crux of Plaintiff's Amended Complaint seems to arise from her dissatisfaction with the outcome of underlying state court proceedings relating to her workers' compensation claims," she recognized that the Amended Complaint "wholly fails to provide fair notice of the claims [Plaintiff] attempts to assert, and "places an unjustified burden on the Court. *Id.* at 11, 13. Magistrate Judge Dancks recommended dismissal on this basis. Alternatively, Magistrate Judge Dancks recommended dismissal for lack of subject matter jurisdiction, because Plaintiff does not plausibly allege a cognizable, or colorable, ADA claim against any Defendant, and the federal district courts otherwise "play no role in reviewing the denial of worker's compensation benefits[.]" *Id.* at 15 (quotation omitted).

      Plaintiff's objections suffer from the same deficiencies noted in the Amended Complaint, in that they present as a mostly incoherent stream of consciousness. Plaintiff generally contends the "justiciability" of her claims, and expresses her belief that the "female Judge(s)" are "prejudiced" and "intolerant of any opinions differing from her own." Dkt. No. 26 at 3-5. Plaintiff further maintains that "[u]nder the Constitution, every person has the right to life," and "the Court has no right to deprive the Plaintiff of the right to seek judicial relief." *Id.* at 5. Plaintiff fails to articulate a coherent objection to Magistrate Judge Danck's recommendation, which triggers clear error review. *See Klestinez v. Ally*, No. 6:21-cv-696 (GLS/ATB), 2022 WL 109806, at *1 (N.D.N.Y. Jan. 12, 2022) ("In support of his objections, Klestinez merely reiterates the incoherent and vague allegations already included in the amended complaint . . . which triggers clear error review."). The court has carefully considered the Report-Recommendation, and finds no clear error in Magistrate Judge Danck's thorough analysis, which addresses Plaintiff's allegations in detail

and provides appropriate reasons for dismissing Plaintiff's Amended Complaint. Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks's Report-Recommendation, Dkt. No. 22, is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint, Dkt. No. 19, is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 1, 2025

Elizabeth C. Coombe
U.S. District Judge